CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAMES W. CARTER, | ) |
| Petitioner, | ) Civil Action No. 7:06CV00289 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GENE M. JOHNSON, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) United States District Judge |

James W. Carter, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Carter challenges the validity of his convictions in the Circuit Court for the City of Roanoke. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On April 15, 2002, Carter was convicted of malicious wounding, use of a firearm in the commission of malicious wounding, and possession of a firearm by a convicted felon. He was subsequently sentenced to a total term of imprisonment of twenty years, with eight years suspended.

Carter appealed his convictions to the Court of Appeals of Virginia. However, on September 24, 2002, the appeal was dismissed, because Carter's appellate counsel failed to timely file a transcript or a statement of the facts.

On November 29, 2002, Carter filed a petition for writ of habeas corpus in this court. By opinion and order entered January 16, 2003, the petition was dismissed for failure to exhaust state court remedies.

On April 21, 2003, Carter, by counsel, filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Carter's only claim was that he had been denied the right to appeal his convictions. On July 30, 2003, the Supreme Court granted Carter the right to file a belated appeal.

Carter subsequently filed a second petition for appeal in the Court of Appeals of Virginia. On March 24, 2004, the petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on September 17, 2004. Carter then filed a petition for appeal in the Supreme Court of Virginia. On January 6, 2005, the petition for appeal was refused.

On July 1, 2005, Carter filed another petition for writ of habeas corpus in the Supreme Court of Virginia. The petition raised the following claims:

    I.      Carter's due process rights were violated when he was directly indicted for possession of a firearm by a convicted felon.

    II.     Carter was subjected to double jeopardy as a result of being convicted of both malicious wounding and use of a firearm in the commission of malicious wounding.

    III.    The prosecution failed to disclose evidence that was favorable to Carter.

    IV.    Trial counsel was ineffective for failing to object to a sentencing enhancement.

    V.     Trial counsel was ineffective for failing to present substantial mitigating evidence during sentencing.

On January 12, 2006, the Supreme Court of Virginia dismissed the petition. The Court held that all of Carter's claims were barred by Virginia Code § 8.01-654(B)(2).[1] On March 9, 2006, Carter's petition for rehearing was refused.

Carter executed the instant petition on April 18, 2006. The petition includes the following claims:

   I.   The Supreme Court of Virginia erred in dismissing his subsequent state petition under § 8.01-654(b)(2), "because he could not have discovered the claims until the outcome of the delayed appeal."

   II.  Carter's trial counsel was ineffective for failing to investigate or object to perjured testimony.

   III. The Commonwealth failed to prove the possession of a firearm by a felon charge at the preliminary hearing, and the direct indictment constituted a violation of Carter's due process rights, as well as an abuse of the grand jury process.

   IV.  Carter was subjected to double jeopardy and multiple prosecutions for a single act.

The respondent moved to dismiss Carter's petition on June 6, 2006. Since Carter has now filed a response, the petition is ripe for review.

## DISCUSSION

A.   Claim I

In his first claim, Carter contends that the Supreme Court of Virginia erred in concluding that the claims in his state petition filed on July 1, 2005 were barred by Virginia Code § 8.01-654(B)(2). However, because "[c]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief," Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988), claim I must be dismissed.

---

[1] Section 8.01-654(B)(2) provides, in pertinent part, that a habeas petition must "contain all allegations the facts of which are known to petitioner at the time of filing," and that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2).

3

B.  Claim II

In claim II, Carter contends that his trial counsel was ineffective for failing to investigate or object to perjured testimony. Carter did not raise this claim as part of any state court proceeding. If Carter now attempted to raise the claim in a state habeas petition, the claim would be barred by Virginia Code § 8.01-654(B)(2). As a result, claim II is procedurally defaulted and may not be reviewed by this court unless Carter demonstrates "cause for, and resulting prejudice from, the default or that he has suffered a fundamental miscarriage of justice." Fisher v. Angelone, 163 F.3d 835, 851-852 (4th Cir. 1998). Since Carter has not made either showing, claim II must be dismissed.

C.  Claims III and IV

In his third claim, Carter contends that the Commonwealth failed to prove the possession of a firearm by a felon charge at the preliminary hearing, and that the direct indictment constituted a violation of Carter's due process rights, as well as an abuse of the grand jury process. In claim IV, Carter alleges that he was subjected to double jeopardy. Carter raised substantially the same claims in the state habeas petition filed on July 1, 2005. The Supreme Court of Virginia held that the claims were procedurally barred pursuant to Virginia Code § 8.01-654(B)(2), since Carter failed to raise them in his first state habeas petition.

The United States Court of Appeals for the Fourth Circuit has repeatedly held that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state ground for the denial of habeas relief. See Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir. 1997); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Consequently, claims III and IV may not be reviewed by this court

absent cause and prejudice or a miscarriage of justice to excuse the procedural default. Mackall, 131 F.3d at 445. Since Carter has not made either showing, claims III and IV must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss.[2] The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

**ENTER**: This 27th day of July, 2006.

Senior United States District Judge

---

[2] Having concluded that Carter's first claim fails to state a claim for federal habeas relief, and that his remaining claims are procedurally defaulted, all other pending motions will be denied as moot.

5